Todd M. Friedman (SBN 216752)
Suren N. Weerasuriya (SBN 278521)
Adrian R. Bacon (SBN 280332)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
abacon@attorneysforconsumers.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDITH DIXON, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> MONTEREY FINANCIAL SERVICES, INC., <br><br> Defendant. | Case No. 3:15-cv-03298-LB <br><br> **JOINT DISCOVERY PLAN PURSUANT TO F.R.C.P. 26(F)** <br><br> **HON. LAUREL BEELER** <br><br> **DATE: OCTOBER 29, 2015** <br> **TIME: 11:00 A.M.** <br> **Dept: Courtroom C** |

Plaintiff EDITH DIXON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED ("Plaintiff") and Defendant MONTEREY FINANCIAL SERVICES, INC. ("Defendant") jointly submit this report in accordance with Rule 26(f) of the Federal Rules of Civil Procedure.

1. **JURISDICTION AND SERVICE**

Defendant was served by waiver of service through its counsel of record on July 27, 2015, and filed its Answer on September 24, 2015. The parties agree that his Court has federal question jurisdiction under 47 U.S.C. § 227(b), and further agree that venue is proper.

2. **FACTUAL STATEMENT OF THE CASE**

**Plaintiff**: Plaintiff is informed and believes, and thereon alleges that Defendant contacted Plaintiff on her cellular telephone number ending in -1147, in an attempt to collect an alleged outstanding debt owed. Thereafter, Plaintiff revoked her consent for Defendant to contact her on her cellular phone, yet Defendant continued to place calls to Plaintiff on her cellular phone. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to place its daily calls to Plaintiff seeking to collect the debt. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A). Plaintiff explicitly told Defendant to stop calling him, revoking any and all consent to be contacted using an "automated telephone dialing system."

Plaintiff alleges that the calls Defendant placed to Plaintiff's cellular telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A), and that these telephone calls by Defendant, or its agents, violated 47 U.S.C. § 227(b)(1). Plaintiff alleges that such action on the part of Defendant is systemic and widespread, and asserts his claims on behalf of a proposed class of similarly-situated putative class members.

**Defendant:** Plaintiff contends that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1), (the "TCPA") by calling her on her mobile phone without her prior express permission. The Defendant disputes

these allegations as the Plaintiff provided her mobile phone number an application for credit thereby consenting to telephone calls on her mobile phone. In addition, it is the Defendant's position that the Plaintiff never revoked the prior express consent she previously provided.

As for the class allegations in the Amended Complaint, it is the Defendant's position that because the Plaintiff does not have a meritorious claim against the Defendant, the Plaintiff lacks standing to represent a purported class. Regardless, the class definition in Amended Complaint fails as a matter of law because the purported class is a fail-safe class.

3.   **LEGAL ISSUES**

**Plaintiff:** Plaintiff asserts that no triable issues of material fact exist with regard to Defendant's violation of the TCPA, as Plaintiff revoked consent to be contacted by Defendant, and the calls placed to Plaintiff's phone were made using an ATDS.

**Defendant:** Defendant also asserts that there are no triable questions of fact because the Plaintiff provided her mobile phone number on an application for credit thereby consenting to telephone calls on her mobile phone. In addition, the Plaintiff never revoked the prior express consent. In light of the foregoing, the Plaintiff's claim fails as a matter of law.

4.   **MOTIONS**

**Plaintiff:** At this time, it is possible that Plaintiff will file a motion to add other parties if a third-party dialing company comes to light during the discovery process. Plaintiff also contemplates filing a motion for class certification, at the appropriate time, and after Plaintiff has had a reasonable opportunity to conduct discovery. Plaintiff anticipates filing her motion seeking class certification in July, 2015.

**Defendant:** The Defendant anticipates it will move for summary judgment pursuant to Fed. R. Civ. P. 56.

## 5. AMENDMENT OF PLEADINGS

At this time, it is possible that Plaintiff will file a motion to add other parties if a third-party dialing company comes to light during the discovery process.

## 6. EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and understand their obligations to preserve evidence relevant to the issues reasonably evident in this action.

## 7. INITIAL DISCLOSURES

**Plaintiff:** Plaintiff will produce on October 15, 2015, her initial disclosures, pursuant to the Court's Order and F.R.C.P. 26, which support her claims.

**Defendant**: Defendant will produce on October 15, 2015, her initial disclosures, pursuant to the Court's Order and F.R.C.P. 26, which support her claims.

## 8. DISCOVERY PLAN

**Plaintiff:** Plaintiff will be seeking the following categories of documents in discovery. Plaintiff may need additional categories of documents depending on what information is provided to Plaintiff and depending on how Defendant maintains their data:

Documentation regarding the alleged autodialer/text campaign conducted by Defendant;

Documentation regarding Defendant's outbound dial list generated by any predictive dialer or ATDS to cell phones;

Documentation regarding cellular phone numbers that have provided prior express consent to receive text messages from Defendant;

Documentation showing Defendant's consent to place debt collection calls using an ATDS, to consumers' cell phones; and

Documentation regarding the usage of Defendant's ATDS;

Plaintiff intends to depose Defendant's Person Most Knowledgeable regarding the equipment used to place calls to Plaintiff and putative class members, as well as Defendant's policies and procedures regarding outbound calls made to Plaintiff and putative class members.

With regard to the written discovery and depositions that Plaintiff intends on conducting, Plaintiff would respectfully submit that no limitations or phases should be imposed on conducting the discovery.

Plaintiff proposes a discovery cutoff date of September 30, 2015.

**Defendant:** The Defendant intends to seek discovery regarding the Plaintiff's purported revocation of her prior express consent.

9. CLASS ACTIONS

This is a purported class action. Plaintiff requests deadline of July 29, 2015 for filing of her Motion for Class Certification.

10. RELATED MATTERS

At this time, the parties are unaware of any other actions which might relate to the present matter.

11. DAMAGES

**Plaintiff:** Plaintiff prays for the following:

1. an award of statutory damages of $500.00, pursuant to 47 U.S.C. § 227(b)(1), for each and every negligent violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B);
   2. an award of statutory damages of $1,500.00, pursuant to 47 U.S.C. § 227(b)(1), for each and every knowing and/or willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B);
   3. injunctive relief prohibiting such conduct in the future;
   4. any and all other relief that this Court deems just and proper.

**Defendant:** Not applicable.

## 12. SETTLEMENT

The parties are in agreement that that settlement discussions will benefit from a developed factual record. The parties request private mediation pursuant to the Local Rules.

## 13. MAGISTRATE CONSENT

The parties have not mutually agreed to consent to proceeding before a magistrate judge.

## 14. INDEPENDENT EXPERT OR MASTER

The parties do not believe that this is a case in which the Court should consider appointing a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert. The parties further agree that this case is not suitable for reference to binding arbitration, or the Judicial Panel on Multidistrict Litigation

## 15. NARROWING OF ISSUES

**Plaintiff:** Plaintiff anticipates that the issues of whether Defendant utilized an ATDS, may be determined by motion, stipulation or agreement. However, Plaintiff does not believe that bifurcation or phasing is necessary or prudent.

**Defendant:** Defendant believes that if the Plaintiff would articulate the date and method in which she purportedly revoked consent, the issues in this case could be narrowed.

## 16. EXPEDITED TRIAL PROCEDURE

The parties do not agree that this case can be handles under the Expedited Trial Procedure of General Order No. 64

## 17. SCHEDULING

**Plaintiff**: Plaintiff proposes the following dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial:

| | |
|---|---|
| Fact Discovery Cut-off | September 30, 2016 |
| Last Day to Serve Initial Expert Reports | October 21, 2015 |
| Last Day to Serve Rebuttal Expert Reports | November 18, 2016 |
| Expert Discovery Cut-Off | December 6, 2016 |
| Deadline to File Dispositive Motions | January 13, 2017 |
| Pretrial Conference | March 15, 2017 |
| Trial (Est. days) | March 21, 2016 – 2-3 Days, Jury Trial Requested |

**Defendant:**

| | |
|---|---|
| Fact Discovery Cut-off | May 31, 2016 |

| Last Day to Serve Initial Expert Reports | August 31, 2016 |
| --- | --- |
| Last Day to Serve Rebuttal Expert Reports | September 30, 2016 |
| Expert Discovery Cut-Off | October 31, 2016 |
| Deadline to File Dispositive Motions | December 30, 2016 |
| Pretrial Conference | March 15, 2017 |
| Trial (Est. days) | March 21, 2016 – 2-3 Days, Jury Trial Requested |

**18. TRIAL**

**Plaintiff:** Plaintiff estimates a 2-3 day jury trial with three witnesses to be called by Plaintiff. Plaintiff's witness list will most likely grow after individuals are identified during the course of discovery. Plaintiff will be represented by Todd M. Friedman at trial.

**Defendant:** Defendant estimates a 2-3 trial with 1-3 witnesses to be called by the Defendant. Defendant will be represented by Dennis J. Ward and Brendan H. Little at trial.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

**Plaintiff:** Plaintiff has yet to file a notice of interested entities, but knows of no such persons or entities with any such interest in Plaintiff's claims.

**Defendant:** Defendant knows of no such person or entities with any such interest in Plaintiff's claims.

**20. PROFESSIONAL CONDUCT**

The parties have met and conferred regarding the Guidelines for Professional Conduct for the Northern District of California. The parties' counsel

26F REPORT
-8-

of record have been working together cooperatively, professionally and cordially without issue thus far, and do not anticipate that to change in any way.

**21. OTHER ISSUES**

**Plaintiff:** None

**Defendant:** None

Dated**:** October 22, 2015   **Law Offices of Todd M. Friedman, P.C.**

By: /s/ Adrian R. Bacon
Todd M. Friedman, Esq.
Adrian R. Bacon, Esq.
Attorneys for Plaintiff

Dated**:** October 22, 2015   **Lippes Mathias Wexler Friedman LLP**

By: /s/ Brendan H. Little
Brendan H. Little, Esq.
Attorneys for Defendant

Signature Certification

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Brendan H. Little counsel for Defendant and that I have obtained Mr. Little's authorization to affix his electronic signature to this document.

Dated**:** October 22, 2015   **Law Offices of Todd M. Friedman, P.C.**

By: /s/ Adrian R. Bacon
Todd M. Friedman, Esq.
Adrian R. Bacon, Esq.
Attorneys for Plaintiff

Filed electronically on this 22nd day of October, 2015, with:
United States District Court CM/ECF system

And hereby served upon all parties

Notification sent on this 22nd day of October, 2015, via the ECF system to:

Dennis J. Ward, Esq.
Ropers, Majeski, Kohn & Bentley

Brendan H. Little (Admitted Pro Hac Vice)
Lippes Mathias Wexler Friedman LLP
Attorneys for Defendant

By: s/Adrian R. Bacon
　　Adrian R. Bacon