BRENDAN H. LITTLE (NYSBN 4874517)
**LIPPES MATHIAS WEXLER FRIEDMAN LLP**
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
Telephone: (716) 853-5100
Facsimile: (716) 853-5199
Email: blittle@lippes.com

*Pro Hac Vice* Attorney for Defendant
MONTEREY FINANCIAL SERVICES, INC.

DENNIS J. WARD (SBN 78493)
**ROPERS, MAJESKI, KOHN & BENTLEY**
50 West San Fernando Street, Suite 1400
San Jose, California 95113
Los Angeles, California 90071-1619
Telephone: (408) 287-6262
Facsimile: (408) 918-4501
Email: dennis.ward@rmkb.com

Attorneys for Defendant
MONTEREY FINANCIAL SERVICES, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| EDITH DIXON, on Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MONTEREY FINANCIAL SERVICES, INC.,<br><br>Defendant. | **CASE NO. 3:15-CV-03298-LB**<br><br>**Hon. Maxine M. Chesney**<br>**Courtroom 7**<br><br>**DEFENDANT MONTEREY FINANCIAL SERVICES, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT TO STRIKE PLAINTIFF'S CLASS ALLEGATIONS**<br><br>**[Rule 56 and Rules 23(c)(1)(A), 23(d)(1)(D)]**<br><br>**DATE:** June 24, 2016<br>**TIME:** 9:00 a.m.<br>**CTRM:** 7 |

4819-8152-7601.1 - 1 -

NOTICE OF MOTION FOR SUMMARY JUDGMENT OR TO STRIKE PLAINTIFF'S CLASS ALLEGATIONS

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on June 24, 2016, at 9:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 7, 19th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Monterey Financial Services, Inc. ("Monterey") hereby moves, pursuant to Federal Rule of Civil Procedure 56 for an order granting Monterey summary judgment and dismissing Plaintiff Edith Dixon's ("Plaintiff") Complaint or, in the alternative, pursuant to Federal Rules of Civil Procedure 23(c)(1)(A) and 23(d)(1)(D), for an order striking Plaintiff's class allegations from the Complaint.

Plaintiff's class-action complaint alleges two causes of action, both based on alleged violations of the Telephone Consumer Protection Act ("TCPA"). In short, Plaintiff's claims rest entirely on the claim that she revoked consent to be called via an auto-dialer. However, as set forth in the below Memorandum of Points and Authorities and in the accompanying Declaration of Monterey's Executive Vice President, Shaun Lucas, the record in this case entirely contradicts this claim and instead establishes that (1) Plaintiff provided prior express consent to be called on her cellular phone and (2) Plaintiff did not make any affirmative statement, whether written or oral, revoking consent to be called. For this reason summary judgment dismissing Plaintiff's TCPA claims is appropriate. In the alternative, in the event Monterey's Motion for Summary Judgment is not granted, Plaintiff's proposed class must, nevertheless, be struck as it constitutes an impermissible "fail-safe" class. Specifically, as set forth below, Plaintiff's proposed class is fail-safe because it is defined to only include those individuals who received such a call without prior express consent, and thus, only includes those individuals who can establish that Monterey violated the TCPA. Based on all these grounds, Monterey hereby moves the Court to strike Plaintiff's class allegations. This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities submitted with the Motion,

the Court's file, and such additional facts and argument that will be presented at the hearing.

DATED: May 13, 2016

Respectfully submitted,

LIPPES MATHIAS WEXLER FRIEDMAN LLP

By: */s/ Brendan H. Little*
BRENDAN H. LITTLE
*Admitted Pro Hac Vice*
Attorneys for Defendant
MONTEREY FINANCIAL SERVICES, INC.

# **TABLE OF CONTENTS**

**Page**

I. STATEMENT OF ISSUES TO BE DECIDED ............................................. 1

II. FACTUAL BACKGROUND ........................................................................ 2

III. LEGAL ARGUMENT .................................................................................. 3

    A. The Complaint Fails To State A Claim Upon Which Relief Can Be Granted And Should Be Dismissed In Its Entirety ........................ 3

        1. Summary Judgment Legal Standard ........................................... 3

        2. There is no genuine issue of material consent .......................... 3

    B. The Court Should Strike Plaintiff's Class Action Allegations ............. 7

        1. Motion to Strike Standard of Review ........................................ 7

        2. Plaintiff's Proposed TCPA Class is Fail-Safe and Must be Struck ........................................................................................ 8

IV. CONCLUSION ........................................................................................... 11

4819-8152-7601.1

- i -

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Baird v. Sabre Inc.*
  995 F. Supp. 2d 1100 (C.D. Cal. 2014), *aff'd*, No. 14-55293, 2016 WL
  424778 (9th Cir. Feb. 3, 2016) ................................................................................ 3

*Boyer v. Diversified Consultants, Inc.*
  2015 U.S. Dist. LEXIS 58420 (E.D. Mich. Apr. 20, 2015) ..................................... 8

*Boyer v. Diversified Consultants, Inc.*
  306 F.R.D. 536 (E.D. Mich. 2015) ......................................................................... 11

*Cavero v. Franklin Collection Serv.*
  2012 U.S. Dist. LEXIS 11384 (S.D. Fla. Jan. 31, 2012) ......................................... 4

*Cunningham v. Credit Mgmt., L.P.*
  No. 3:09-CV-1497-GB(BF), 2010 WL 3791104 (N.D. Tex. Aug. 30,
  2010) ........................................................................................................................ 5

*Estate of Tucker ex rel. Tucker v. Interscope Records, Inc.*
  515 F.3d 1019 (9th Cir. 2008) ................................................................................. 3

*Galbreath v. Time Warner Cable, Inc.*
  No. 7:14-CV-61-D, 2015 WL 9450593 (E.D.N.C. Dec. 22, 2015) ......................... 5

*Grimes v. Rave Motion Pictures Birmingham, L.L.C.*
  264 F.R.D. 659 (D. Ala. 2010) ............................................................................... 12

*Hayes v. Wal-Mart Stores, Inc.*
  725 F.3d 349 (3d Cir. 2013) ................................................................................... 12

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot.*
  *Act of 1991*
  30 F.C.C. Rcd. 7961 (2015) ................................................................................. 4, 5

*In re Runyan*
  530 B.R. 801 (Bankr. M.D. Fla. 2015) .................................................................... 6

*Johnson v. Credit Prot. Ass'n, L.P.*
  2012 U.S. Dist. LEXIS 165647 (S.D. Fla. Nov. 20, 2012) ...................................... 4

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Johnson v. JPMorgan Chase*
  No. CV H-14-1706, 2015 WL 7301082 (S.D. Tex. Nov. 18, 2015).................... 6

*Lindsay Transmission, LLC v. Office Depot, Inc.*
  No. 4:12-CV-221 CEJ, 2013 WL 275568 (E.D. Mo. Jan. 24, 2013) ................... 9

*Olney v. Job.com, Inc.*
  No. 1:12-CV-01724-LJO, 2013 WL 5476813
  (E.D. Cal. Sept. 30, 2013) ....................................................................................... 8

*Randleman v. Fidelity Nat. Title Ins. Co.*
  646 F.3d 347 (6th Cir. 2011) ................................................................................... 9

*Rios v. State Farm Fire & Cas. Co.*
  469 F. Supp. 2d 727 (S.D. Iowa 2007) ................................................................... 8

*Saunders v. NCO Fin. Sys.*
  910 F. Supp. 2d 464 (E.D.N.Y. 2012) ..................................................................... 4

*Sauter v. CVS Pharmacy, Inc.*
  No. 2:13-CV-846, 2014 WL 1814076 (S.D. Ohio May 7, 2014) .............. 8, 9, 10

*Schweitzer v. Comenity Bank*
  No. 9:15-CV-80665-DMM, 2016 WL 412837 (S.D. Fla. Jan. 28, 2016) ........ 5, 6

*Smith v. Progressive Fin. Servs.*
  2013 U.S. Dist. LEXIS 108744 (D. Or. Aug. 1, 2013) ........................................ 4

*Van Patten v. Vertical Fitness Grp., LLC*
  22 F. Supp. 3d 1069, 1075 (S.D. Cal. 2014) ......................................................... 5

*Zarichny v. Complete Payment Recovery Servs., Inc.*
  80 F. Supp. 3d 610, 615 (E.D. Pa. 2015) .......................................................... 8, 9

**OTHER CASES**

*Steinhoff v. Star Tribune Media Co.*
  LLC, No. 13-CV-1750 ............................................................................................ 4

# TABLE OF AUTHORITIES
(continued)

Page

**FEDERAL STATUTES**

47 U.S.C. § 227(b)(1)(A)(iii) ................................................................................. 4, 9, 10

47 U.S.C. §§ 227, et seq. ............................................................................................ 1, 8

**OTHER AUTHORITIES**

23 FCC Rcd 559 ............................................................................................................ 4

Fed. R. Civ. P. 23(c)(1)(A) ................................................................................... 1, 7, 11

Fed. R. Civ. P. 23(d)(1)(D) ................................................................................... 1, 7, 11

Fed. R. Civ. P. 56(a) ............................................................................................... 3, 11

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Monterey Financial Services, Inc. ("Monterey") submits this Memorandum of Points and Authorities in support of their Motion for Summary Judgment or, in the alternative, to strike Plaintiff Edith Dixon's ("Plaintiff") class allegations asserted under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, et seq. ("TCPA"). For the reasons that follow, the Motion should be granted and the Complaint should be dismissed with prejudice and in its entirety.

## I. STATEMENT OF ISSUES TO BE DECIDED

On July 16, 2015, Plaintiff filed the Complaint in this action. (Doc. 1). Thereafter, on July 17, 2015, Plaintiff filed her First Amended Complaint (Doc. 8) (hereinafter the "Complaint"). Plaintiff purports to bring this lawsuit on behalf of a nationwide class of cellular telephone subscribers allegedly harmed by Monterey's purported use of an automatic telephone dialing system (in violation of the TCPA). Specifically, Plaintiff's Complaint alleges two causes of action against Monterey claiming that Monterey violated the TCPA when it placed autodialed calls to Plaintiff's cellular phone without her prior express consent.

Plaintiff's claims are based entirely on her allegation that "Plaintiff revoked her consent to be called by Defendant." (Doc. 8, at ¶8). As set forth below, the evidence in this case entirely contradicts this claim and instead establishes that (1) Plaintiff provided prior express consent to be called on her cellular phone and (2) Plaintiff did not make any affirmative statement, whether written or oral, revoking consent to be called. For this reason summary judgment dismissing Plaintiff's TCPA claims is appropriate.

Finally, in the event the Plaintiff's Complaint is not dismissed, the Court should nonetheless strike the class allegations of the Complaint under Rules 23(c)(1)(A) and 23(d)(1)(D). Based on its definition of the putative TCPA class, the Complaint attempts to advance an improper "fail-safe" class. As is discussed in

detail below, the Complaint's proposed class definition is limited to those individuals that provided prior express written consent to be contacted on their cellular phones via an automatic dialing system. Accordingly, the proposed class definition determines membership based on a finding of liability, and thus, must be struck as fail-safe.

## II. FACTUAL BACKGROUND

On or about November 14, 2014, Plaintiff incurred a financial obligation with Flex Pay *Plus* ("Flex Pay"). *See* Declaration of Sean Lucas, sworn to May 6, 2016 ("Lucas Dec."), at Ex. A. As part of this financial obligation, Plaintiff entered into an agreement with Flex Pay (the "Contract"). *Id.* The Contract, executed by Plaintiff, provided amongst other things, Plaintiff's name, address, and most importantly, Plaintiff's cellular phone number of 510-469-1147. *Id.* As explained below, in providing her cellular phone number as part of the underlying transaction, Plaintiff provided prior express consent to be autodialed at this number. Of note, this is the same number Plaintiff claims she was contacted on in violation of the TCPA. *See* Declaration of Brendan H. Little, sworn to May 13, 2016 ("Little Dec."), at Ex. A (Response to Interrogatory 2).

After Plaintiff and Flex Pay entered the Contract, the Contract was assigned to Monterey for servicing. *Id.*, at ¶; Ex. B. It is at this point that Monterey serviced and then began attempting to collect on the debt owed by Plaintiff. *Id.* While attempting to collect on the debt, Monterey placed both manual and autodialed calls to Plaintiff. *Id.*, at ¶; Ex. C (manual calls are designated "TH" or "TM" and autodialed calls are designated "DL"). As demonstrated by Monterey's Account Notes, the first call to Plaintiff was placed on December 22, 2014. *Id.* at ¶; Ex. C. The last call was placed on May 22, 2015, at which point Plaintiff informed that she was represented by counsel. *Id.* Monterey did not place any calls after this time. *Id.* At no point during the time leading up to May 22, 2015 did Plaintiff revoke consent to be called via an autodialer on her cellular phone. Nevertheless, Plaintiff bases her

Complaint on the premise that she did in fact revoke consent to be called. *See* Doc. 8, at ¶8. Plaintiff, however, has failed through discovery to present any evidence that she revoked consent. Accordingly, as explained in greater detail below, Plaintiff's Complaint must be dismissed.

**III. <u>LEGAL ARGUMENT</u>**

    **A. <u>The Complaint Fails To State A Claim Upon Which Relief Can Be Granted And Should Be Dismissed In Its Entirety</u>**

        **1. Summary Judgment Legal Standard**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once the moving party has met its initial burden, the nonmoving party must go beyond the pleadings and identify specific facts that show a genuine issue for trial. *Baird v. Sabre Inc.*, 995 F. Supp. 2d 1100, 1102 (C.D. Cal. 2014), *aff'd*, No. 14-55293, 2016 WL 424778 (9th Cir. Feb. 3, 2016) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986)). Importantly, however, "[a] scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact." *Id.* (citing *Addisu v. Fred Meyer*, 198 F.3d 1130, 1134 (9th Cir.2000)). While the court will view all evidence and inferences in a light most favorable to the nonmoving party, it has long been held that "a non-moving plaintiff cannot 'rest upon the mere allegations or denials of the adverse party's pleading' but must instead produce evidence that 'sets forth specific facts showing that there is a genuine issue for trial.'" *Estate of Tucker ex rel. Tucker v. Interscope Records, Inc.*, 515 F.3d 1019, 1030 (9th Cir. 2008) (quoting *Anderson v. Liberty Lobby, 1030 Inc.*, 477 U.S. 242, 248 (1986)).

        **2. There is no genuine issue of material consent.**

As applicable to the case at bar, the TCPA prohibits the placement of telephone calls containing an artificial or prerecorded voice to cellular phones

without the prior express consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A)(iii). With regard to providing consent, the Federal Communications Commission is clear that a debtor consents to being contacted on a cellular phone when that same phone number is provided in relation to the application for credit. Specifically, the FCC in its December 28, 2007 Declaratory Ruling set forth as follows:

> Because we find that autodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are made with the "prior express consent" of the called party, we clarify that such calls are permissible. ***We conclude that the provision of a cell phone number to a creditor, e.g., as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt.***

23 FCC Rcd 559, 564 (internal footnotes omitted) (emphasis added); *see also Smith v. Progressive Fin. Servs.*, 2013 U.S. Dist. LEXIS 108744 (D. Or. Aug. 1, 2013) (relying on the 2008 Declaratory Ruling in granting defendant summary judgment on plaintiff's TCPA claim); *Saunders v. NCO Fin. Sys.*, 910 F. Supp. 2d 464, 469 (E.D.N.Y. 2012) (same); *Johnson v. Credit Prot. Ass'n, L.P.*, 2012 U.S. Dist. LEXIS 165647 (S.D. Fla. Nov. 20, 2012) (same); *Cavero v. Franklin Collection Serv.*, 2012 U.S. Dist. LEXIS 11384 (S.D. Fla. Jan. 31, 2012).

Once given, "consumers may revoke consent ***in any manner that clearly expresses a desire not to receive further messages***, and that callers may not infringe on that ability by designating an exclusive means to revoke." *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961, 7997 (2015) (emphasis added); *see also Galbreath v. Time Warner Cable, Inc.*, No. 7:14-CV-61-D, 2015 WL 9450593, at *3 (E.D.N.C. Dec. 22, 2015).

Revocation, however, requires an "affirmative act to revoke any prior express consent." *Steinhoff v. Star Tribune Media Co.*, LLC, No. 13-CV-1750 SRN/JSM,

2014 WL 1207804, at *4 (D. Minn. Mar. 24, 2014); *Van Patten v. Vertical Fitness Grp., LLC*, 22 F. Supp. 3d 1069, 1075 (S.D. Cal. 2014) ("[T]he mere end of the subscription didn't terminate the consent that came with providing the phone number in the beginning, especially absent any affirmative act to revoke the consent."); *Cunningham v. Credit Mgmt., L.P.*, No. 3:09-CV-1497-GB(BF), 2010 WL 3791104, at *5 (N.D. Tex. Aug. 30, 2010), *report and recommendation adopted*, No. 3:09-CV-1497-G(BF), 2010 WL 3791049 (N.D. Tex. Sept. 27, 2010) ("Plaintiff's statement that phone calls are inconvenient is insufficient to revoke his prior express consent."). In fact, earlier this year the United States District Court for the Southern District of Florida, analyzing the 2015 FCC Ruling, granted summary judgment in favor of the defendant, holding that "Plaintiff's statements—considered as either a request to stop all calls or only calls during certain times—were ineffective to revoke consent." *Schweitzer v. Comenity Bank*, No. 9:15-CV-80665-DMM, 2016 WL 412837, at *4 (S.D. Fla. Jan. 28, 2016). In coming to this determination, the Court reasoned as follows:

> Applying the standard articulated in the 2015 FCC Ruling, Plaintiff has not demonstrated she "clearly express[ed] ... her desire not to receive further calls" where she attempted to limit the timing of the calls. After consent to receive phone calls is provided to a caller under the TCPA, the recipient (or called party) must revoke the consent clearly. A called party who asks not to be called "during lunch" or "during my pedicures on Saturday" is not asking not to be called. Rather, she is asking not to be called at inconvenient times, without specifying what those times are. Here, Plaintiff did not clearly convey to Defendant a desire not to receive further calls and thus did not effectively revoke her consent under the FCC's standard.

*Id.* at *5 (alterations in original) (quoting *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961, 7997 (2015)).

In the present case, the evidence clearly establishes that Plaintiff provided

consent to be contacted via an autodialer on her cellular phone when she provided that number on the Contract. In this regard, for Plaintiff to prevail on her TCPA claim, she must be able to demonstrate that she revoked consent. Importantly, once Monterey demonstrates it had prior express consent to auto-dial Plaintiff, the burden shifts to Plaintiff to demonstrate that she effectively revoked consent. *See In re Runyan*, 530 B.R. 801, 807 (Bankr. M.D. Fla. 2015); *see also Schweitzer*, 2016 WL 412837, at \*5; *Johnson v. JPMorgan Chase*, No. CV H-14-1706, 2015 WL 7301082, at \*2 (S.D. Tex. Nov. 18, 2015). Plaintiff has not and cannot meet this burden. Just like the conclusory allegations of the Complaint, Plaintiff relies on conclusions and speculations that are contradicted by the evidence. In this regard, in responding to Monterey's Interrogatories, Plaintiff provided the following vague and conclusory response.

> INTERROGATORY NO. 3: Please identify the date(s), the time(s) and the individual(s) Dixon spoke with at MFS wherein she purportedly asked MFS to cease calling her on her cellular phone as alleged in Paragraph 8 of the Amended Complaint and whether the Plaintiff or her agent/representative recorded the conversation(s) by video or audio.
>
> RESPONSE: Plaintiff objects to this interrogatory on the grounds that it: is overbroad as to scope and time so as to be unduly burdensome, harassing, and oppressive. Further, this interrogatory calls for information already available to Defendant or equally available to Defendant. Subject to these objections, ***Plaintiff states: Plaintiff cannot recall with exact specificity the call, but believes she revoked consent on or about September or October 2014***. Plaintiff cannot specifically recall the individual at MFS she spoke with and did not record the conversation by video or audio. Plaintiff has sent a subpoena to Sprint for the phone records of (510) 469-1147 that may shed light on this question. Investigation continues.

Little Dec., Ex. A (emphasis added) (Response to Interrogatory 3). There is, however, no evidence that Plaintiff ever revoked consent in September or October of 2014. The reason for this is simple, Plaintiff had not yet incurred the debt (it was

incurred on November 14, 2014) at issue and Monterey had not yet contacted her (Plaintiff was first contacted on December 22, 2014). *See* Lucas Dec. at ¶¶; Ex. C. Plaintiff's vague recollection is unsupported by any evidence. Simply put, absent any evidence that Plaintiff clearly expressed a desire not to receive further calls from Monterey, summary judgment dismissing Plaintiff's claim must be granted.

### B. The Court Should Strike Plaintiff's Class Action Allegations

While the Court should grant Monterey's Motion for Summary Judgment and dismiss the Complaint in its entirety, for the reasons set forth below, in the event Monterey's Motion for Summary Judgment is denied, Plaintiff's improper "fail-safe" class allegations should nevertheless be struck.

#### 1. Motion to Strike Standard of Review

A motion to strike class allegations arises out of Fed. R. Civ. P. 23(c)(1)(A) and Fed. R. Civ. P. 23(d)(1)(D). More specifically Rule 23(d)(1)(D) permits the Court to issue an order that "require[s] that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly . . . ." *See Boyer v. Diversified Consultants, Inc.*, 2015 U.S. Dist. LEXIS 58420 (E.D. Mich. Apr. 20, 2015); *see also Zarichny v. Complete Payment Recovery Servs., Inc.*, 80 F. Supp. 3d 610, 615 (E.D. Pa. 2015) (holding that a court will "grant a motion to strike class allegations if class treatment is evidently inappropriate from the face of the complaint."); *Sauter v. CVS Pharmacy, Inc.*, No. 2:13-CV-846, 2014 WL 1814076, at *2 (S.D. Ohio May 7, 2014) (citing 1 McLaughlin on Class Actions § 3:4 (10th ed. 2013)); *Rios v. State Farm Fire & Cas. Co.*, 469 F. Supp. 2d 727, 740 (S.D. Iowa 2007).

Here, Monterey's motion to strike Plaintiff's class allegations is based on one simple fact: Plaintiff's proposed class constitutes an impermissible "fail-safe" class, because it requires a finding of liability in order for an individual to be a member of the class.

### 2. Plaintiff's Proposed TCPA Class is Fail-Safe and Must be Struck.

As the purported class representative in this matter, Plaintiff seeks to represent the following proposed class:

> All persons within the United States who received any collection telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice ***and such person had not previously consented to receiving such calls*** within the four years prior to the filing of this Complaint.

(Doc. 8, at ¶13) (emphasis added). These allegations fail to support a putative class and should be stricken. Specifically, the TCPA prohibits autodialed calls to an individual's cellular phone made without the receipts' "prior express consent". *See* 47 U.S. §227, et seq. Plaintiff's proposed class definition, however, includes only those individuals that did not provide consent to be called.

"A fail-safe class is 'when the class itself is defined in a way that precludes membership unless the liability of the defendant is established.'" *Olney v. Job.com, Inc.*, No. 1:12-CV-01724-LJO, 2013 WL 5476813, at *11 (E.D. Cal. Sept. 30, 2013) (quoting *Kamar v. RadioShack Corp.*, 375 F. App'x 734, 736 (9th Cir.2010)). Fail-safe classes are improper because, once it is determined that a putative class member cannot prevail against the defendant, that member drops out of the class, leaving them free to pursue an individual claim against the defendant. *See, e.g., Randleman v. Fidelity Nat. Title Ins. Co.*, 646 F.3d 347, 352 (6th Cir. 2011) (fail-safe class "shields the putative class members from receiving an adverse judgment. Either the class members win or, by virtue of losing, they are not in the class and, therefore, not bound by the judgment"). In the context of TCPA claims, it is well-settled across the country that TCPA class actions that hinge on a determination of whether or not a proposed class member provided prior express consent to be called are fail-safe classes subject to a motion to strike.

For example, in *Zarichny*, supra, in response to the defendant's pre-answer motion to strike, the Eastern District of Pennsylvania struck plaintiff's proposed FDCPA and TCPA classes. There, the TCPA class was brought "on behalf of those people 'who received one or more telephone calls from [d]efendants on the individual's cellular telephone that was initiated using an automatic telephone dialing system' without prior consent." *Zarichny*, 80 F. Supp. 3d at 624 (emphasis added). The District Court reasoned that that the TCPA class was fail safe because it "is comprised of those people who received CPRS telephone calls without the recipient's 'prior express consent.'" *Id.*, at 625 (quoting 47 U.S.C. § 227(b)(1)(A)(iii)).

Likewise in *Lindsay Transmission, LLC v. Office Depot, Inc.*, No. 4:12-CV-221 CEJ, 2013 WL 275568 (E.D. Mo. Jan. 24, 2013), the District Court struck plaintiff's class allegations, where plaintiff's proposed definition was as follows:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant (3) ***with respect to whom Defendant cannot provide evidence of prior express permission*** or invitation for the sending of such faxes, (4) with whom Defendant does not have an established business relationship and (5) which did not display a proper opt out notice.

*Id.* \*4 (emphasis added). The District Court, in striking the class allegations, ruled, as the Court should here, that "the proposed class consists solely of persons who can establish that defendant violated the TCPA." *Id.* at \*4.

The Southern District of Ohio reached the same result in *Sauter*, 2014 WL 1814076, when it struck a proposed class and two subclasses on the grounds that they were fail-safe. Like, here, the plaintiff in *Sauter* proposed class definitions required a finding of consent. In striking the class-allegations, the District Court reasoned as follows:

> Each of the Plaintiff's proposed classes is defined to include only those individuals who did not expressly consent to the receipt of the defendant's phone calls made with the use of an ATDS. . . . In other words, "the proposed class[es] consist[ ] solely of persons who can establish that defendant violated the TCPA."

*Id.* (quoting Lindsay Transmission, LLC, 2013 WL 275568, at *4)

Finally, in *Boyer v. Diversified Consultants, Inc.*, 306 F.R.D. 536, 540 (E.D. Mich. 2015), the Eastern District of Michigan, struck the plaintiff's class definition even where the word "consent" was not found in the proposed class definition. *Boyer*, 306 F.R.D. at 540. The District Court, in striking the class allegations as an impermissible fail-safe class reasoned as follows:

> [Plaintiff's] class consists of those people who did not provide a cellular telephone number to defendants, but were still called by defendants ... without those people's prior express consent. Plaintiff is attempting to avoid the consequences of overtly defining his classes in terms of prior express consent by making consent an unspoken yet central implication of his classes. Plaintiff's classes consist of those people who did not provide prior express consent to be contacted by defendants, and therefore can establish a violation of the TCPA.

*Id.* at 540. The District Court further held as follows:

> The TCPA prohibits calls to cellular telephones using an automatic telephone dialing system without the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii). Accordingly, "defining the class to include anyone who received such a call without prior express consent means that only those potential members who would prevail on this liability issue would be members of the class."

*Id.* at 539 (quoting *Sauter*, 2014 WL 1814076, at *9).

As the above cases make clear, any purported TCPA class that requires a determination of liability based on whether or not a potential class member provided "prior express consent" is a fail-safe class and thus not legally permissible.

Moreover, by including the absence of express prior consent as a part of the class definition, the putative TCPA class requires individualized fact-finding and, as such, is improper as a matter of law under Rule 23 of the Federal Rules of Civil Procedure. Said another way, "'[i]f class members are impossible to identify without extensive and individualized fact-finding or 'mini-trials,' then a class action is inappropriate.'" *Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 355 (3d Cir. 2013) (quoting *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 593 (3d Cir. 2012)); *see also Grimes v. Rave Motion Pictures Birmingham, L.L.C.*, 264 F.R.D. 659, 665 (D. Ala. 2010). For these reasons, the Court should strike Plaintiff's class allegations.

## IV. CONCLUSION

For the foregoing reasons, Monterey respectfully submits that this Court should dismiss Plaintiff's Complaint pursuant to Rule 56 and/or strike Plaintiff's class allegations pursuant to Rules 23(c)(1)(A) and 23(d)(1)(D).

DATED: May 13, 2016

Respectfully submitted,

LIPPES MATHIAS WEXLER FRIEDMAN LLP

By: */s/ Brendan H. Little*
BRENDAN H. LITTLE
*Admitted Pro Hac Vice*
Attorneys for Defendant
MONTEREY FINANCIAL SERVICES, INC.