IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDITH DIXON,<br><br>    Plaintiff,<br><br>    v.<br><br>MONTEREY FINANCIAL SERVICES, INC.,<br><br>    Defendant. | Case No. 15-cv-03298-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S CLASS ACTION ALLEGATIONS; AFFORDING PLAINTIFF FURTHER LEAVE TO AMEND**<br><br>Re: Dkt. No. 54 |

    Before the Court is defendant Monterey Financial Services, Inc.'s "Motion to Strike Plaintiff's Class Allegations," filed July 20, 2016.  Plaintiff Edith Dixon has filed opposition, to which defendant has replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for August 26, 2016, and rules as follows.

    In the operative complaint, the Second Amended Complaint ("SAC"), plaintiff, who asserts claims on her own behalf and on behalf of a putative class, alleges defendant, using an automated telephone dialing system, called her cellular telephone after she had revoked her consent to be called.  Plaintiff alleges such calls violated the Telephone Consumer Protection Act ("TCPA").  Under the TCPA, it is "unlawful for any person" to "make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service."  See 47 U.S.C. § 227(b)(1)(A).

    By order filed June 24, 2016, the Court granted defendant's motion to strike the

class allegations in the First Amended Complaint ("FAC"), finding the class, as defined therein, was a "fail-safe" class,  and afforded plaintiff leave to amend to allege a class that is not fail-safe.  (See Order, filed June 24, 2016, at 7:1 - 8:20.)  Plaintiff subsequently filed her SAC and amended the definition of the putative class.  By the instant motion, defendant argues the class as defined in the SAC is, again, fail-safe.

As the Ninth Circuit has explained, "[t]he fail-safe appellation is simply a way of labeling the obvious problems that exist when the class itself is defined in a way that precludes membership unless the liability of the defendant is established."  See Kamar v. RadioShack Corp., 375 Fed. Appx. 734, 736 (9th Cir. 2010) (noting class is fail-safe, and thus not "manageable," where class definition is "one that determines the scope of the class only once it is decided that a class member was actually wronged"); see also Randleman v. Fidelity Nat'l Title Ins. Co., 646 F.3d 347, 352 (6th Cir. 2011) (explaining "improper fail-safe class" exists where "[e]ither class members win or, by virtue of losing, they are not in the class, and, therefore, not bound by the judgment").

In the FAC, plaintiff identified the putative class as follows:

> All persons within the United States who received any collection telephone calls from [d]efendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint.

(See FAC ¶ 13.)  The Court found such language defined a fail-safe class, for the reason that a TCPA class consisting of persons who received calls without prior express consent would be a class consisting solely of persons who prevail on the merits.

In the SAC, plaintiff now defines the putative class as follows:

> All persons within the United States who received any collection telephone calls from [d]efendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice after such person had revoked any prior express consent to receiving such calls, whether orally, in writing, or by any reasonable means, as demonstrated by [d]efendant's account notes, recordings of calls, and/or other collections files or records, within the four years prior to the filing of this Complaint.

(See SAC ¶ 13.)  The single difference between the newly proposed class definition and

the previously proposed class definition is the difference between a class member's receipt of the call after having "revoked any prior express consent" (see id.), as opposed to not having "previously consented" (see FAC ¶ 13), i.e., a distinction without legal significance. In each instance, a determination of whether a person is a member of the class is dependent on whether he/she prevails on the merits of the TCPA claim alleged in the operative pleading.[1] Indeed, it is possible that the newly-proposed class would have no members at all; if the trier of fact were to conclude that no person was called after such person had revoked his/her prior consent, defendant would prevail on the merits against a nonexistent class. See, e.g., Daffron v. Rousseau Associates, Inc., 1976 WL 1358, at *1 (July 27, 1976 N.D. Ind.) (holding proposed class, defined as customers of defendant who were charged "illegal" fee, was "fail-safe," as "a jury determination that defendants have charged no such illegal fees would at the same time determine that there was no class"). Consequently, the proposed class definition in the SAC will be stricken.

In her opposition, plaintiff requests that, in the event of such ruling, "the Court amend the Class Definition to remove the consent requirement and define it as: 'All persons within the United States who received any collection telephone calls from [d]efendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice.'" (See Pl.'s Opp. at 5:3-7.) The Court declines to make such amendment itself, and next considers whether affording plaintiff further leave to amend is appropriate.

Plaintiff asserts, and the Court agrees, that a class as defined in plaintiff's opposition is not a fail-safe class, nor does defendant, in its reply, argue to the contrary. Rather, defendant argues that any further amendment to allege claims on behalf of such a putative class would be futile because no common question has been identified.

---

[1] The need for such determination remains unchanged irrespective of the SAC's additional language specifying the type of evidence to be used in making it.

To proceed on behalf of a class, a plaintiff must be able to show, inter alia, "there are questions of law or fact common to the class." See Fed. R. Civ. P. 23(a)(2). As the Supreme Court has explained, such "common contention . . . must be of such a nature that it is capable of classwide resolution — which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." See Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011).

At this juncture, the nature of the common factual and/or legal question(s) central to the validity of the TCPA claims plaintiff seeks to assert is unclear. The Court nonetheless finds such concern, as well as whether resolution of any common questions "predominate over any questions affecting only individual members," see Fed. R. Civ. P. 23(b)(3), is more appropriately addressed after plaintiff has had an opportunity to further amend her complaint, after which plaintiff will be required to demonstrate her ability to meet all of the requirements set forth in Rule 23, see Dukes, 564 U.S. at 350. Consequently, the Court will afford plaintiff one further opportunity to amend to allege, if she can do so, a cognizable class.

Accordingly, defendant's motion to strike is hereby GRANTED, and the class action allegations in the SAC are hereby STRICKEN. If plaintiff wishes to file a Third Amended Complaint for the purpose of amending her class action allegations, plaintiff shall file such pleading no later than September 9, 2016. If plaintiff does not do so within the time provided, the instant action will proceed on plaintiff's individual claims.

**IT IS SO ORDERED.**

Dated: August 22, 2016

MAXINE M. CHESNEY
United States District Judge